UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendants. | Case No. 2:17-cv-01750-APG-PAL<br><br>**ORDER**<br><br>(Mot Stay Disc – ECF No. 38)<br>(Mot Stay Case – ECF No. 44) |

Before the court are two separate motions to stay--Plaintiff/counter-defendant Federal National Mortgage Association's Motion to Stay Discovery (ECF No. 38), and defendant/counter/cross defendant SFR Investments Pool 1, LLC's Countermotion to Stay the Case Pending a Decision on SFR's Motion for Reconsideration (ECF No. 44). The court has reviewed the motions, defendant Southern Highlands Community Association's Opposition (ECF No. 41), SFR's Response (ECF No. 43), plaintiff's Reply (ECF No. 45), plaintiff's Reply in Support of Motion to Stay Discovery (ECF No. 50), plaintiff's Opposition, and SFR's Reply (ECF No. 55).

Fannie Mae requests a stay until its pending motion for summary judgment is decided. The motion for summary judgment argues its interest in the property at issue was not extinguished by an HOA foreclosure sale by operation of the Federal Foreclosure Bar which preempts the Nevada statute under which the foreclosure was conducted. The Ninth Circuit has recently held in a series of decisions that Fannie Mae's protected property interest is preserved when a servicer or nominee acting on its behalf appears as record deed-of-trust beneficiary. The Ninth Circuit has also held that evidence materially identical to that offered by Fannie Mae in this case is sufficient for a district court to find that its interest was protected by federal law. Multiple district judges have granted similar summary judgments in favor of Fannie Mae on this issue. No discovery is required

1

to decide the motion for summary judgment. If granted, the motion is dispositive of the entire case, and a "preliminary peek" of the motion demonstrated it will be granted. Thus the court should stay.

SFR opposes Fannie Mae's motion to stay arguing it needs discovery concerning Fannie Mae's interest in the property at issue. However, SFR seeks its own stay of discovery until after the district judge decides its Motion for Reconsideration concerning SFR's Motion to Dismiss. SFR claims the district judge incorrectly decided that Fannie Mae's claims in this case were not barred by the applicable Nevada statute of limitations, but reached the opposite conclusion in another HOA foreclosure case. SFR therefore seeks a stay until its motion for reconsideration is decided because if, granted, it is dispositive of the entire case.

The HOA does not oppose Fannie Mae's motion to stay to the extent "it is not directed at the Association" but opposes the motion "out of an abundance of precaution" to the extent Fannie Mae seeks to preclude it from engaging in discovery related to allegations the foreclosure sale was unconstitutional, wrongful, commercially unreasonable, negligent etc.

On April 13, 2018 SFR filed a response to Fannie Mae's motion for summary judgment and countermotion for relief under Fed. R. Civ. P. 56(d) (ECF No 53 & 54). SFR argues, *inter alia*, that the court should stay the case until the motion for reconsideration is decided and that discovery is needed before the court can rule on Fannie Mae's summary judgment motion. Discovery is needed to answer the threshold question of whether the subject mortgage was held in trust "because ownership is not the question, succession is." Therefore, the Ninth Circuit case addressing the evidence required to establish Fannie Mae's interest is inapposite.

Having reviewed and considered the moving and responsive papers, the court will stay discovery in this case until both the motion for reconsideration and the motion for summary judgment are decided. The outcome of these motions will likely determine whether any claims against any party remain. Although SFR opposes Fannie Mae's request to stay because it believes it is entitled to discovery SFR will not need any discovery if the district judge agrees with it that the case should be dismissed on statute of limitations grounds. Additionally, SFR has coupled its response to the motion for summary judgment with a countermotion for discovery under Rule

56(d). The district judge will determine whether discovery is required before Fannie Mae's summary judgment motion based on the federal foreclosure bar/federal preemption is decided.

**IT IS ORDERED**:

1. Plaintiff/counter-defendant Federal National Mortgage Association's Motion to Stay Discovery (ECF No. 38) is **GRANTED**.
2. SFR's Countermotion to Stay (ECF No. 44) is **GRANTED.**
3. The parties shall have 14 days from decision of the last motion decided to submit an amended discovery plan and scheduling order to complete discovery on any claim that survives.

DATED this 19th day of April, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE