UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC and SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION,<br><br>    Defendants | Case No.: 2:17-cv-01750-APG-PAL<br><br>**Order Granting Motion for Reconsideration and Denying Remaining Motions as Moot**<br><br>[ECF Nos. 37, 42, 54] |

This case revolves around whether a deed of trust still encumbers property located at 3052 Cantabria Court, Las Vegas, Nevada following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Plaintiff Federal National Mortgage Association (Fannie Mae) seeks a declaration that its deed of trust continues to encumber the property. Defendant SFR Investments Pool 1, LLC purchased the property at the HOA foreclosure sale.

SFR previously moved to dismiss, arguing Fannie Mae's claims were barred by the statute of limitations. ECF No. 18. I denied that motion, holding a five-year limitation period applied to Fannie Mae's claims seeking to determine adverse interests in property. ECF No. 28. Fannie Mae thereafter amended its complaint to add various claims, including an unjust enrichment claim against SFR. ECF No. 32.

I subsequently issued a decision in another case in which I held that the four-year catchall was the applicable limitation period for similar claims by lienholders seeking to determine adverse interests in property under Nevada Revised Statutes § 40.010. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D.

Nev. Mar. 14, 2018). Consequently, SFR moves for reconsideration, asserting that Fannie Mae's quiet title and declaratory relief claims are time-barred because Fannie Mae brought suit more than four years after the HOA foreclosure sale. Fannie Mae opposes reconsideration, arguing a five-year period applies.

The parties are familiar with the facts and I will not repeat them here except where necessary. I grant SFR's motion to reconsider. Fannie Mae's quiet title and declaratory relief claims are untimely. I therefore dismiss them with prejudice. And because I dismiss those claims with prejudice, I deny as moot Fannie Mae's motion for summary judgment on those claims and SFR's related motion for relief under Federal Rule of Civil Procedure 56(d).

**A. Reconsideration**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.* "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 BR 207, 209 (D. Nev. 2004). Additionally, a motion for reconsideration may not be based on arguments or

evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Since my prior order denying SFR's original motion to dismiss in this case, I issued the *Country Garden Owners Association* decision. 2018 WL 1336721, at *2. I find that ruling a sufficient reason to grant reconsideration. While my own prior decision is not necessarily "controlling" law, it is an intervening change in the law that counsels in favor of reconsideration.

**B. Statute of Limitations**

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted). A limitation period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

The HOA foreclosure sale took place on September 19, 2012, the trustee's deed upon sale was recorded on October 9, 2012, and Fannie Mae filed the original complaint in this matter on

3

June 26, 2017. ECF Nos. 1 at 1; 32 at 8.  Consequently, claims that are governed by a limitation period of four years or less are untimely.

All four of Fannie Mae's declaratory relief and quiet title claims seek a ruling that the HOA foreclosure sale did not extinguish the deed of trust.  I have ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *Country Garden Owners Ass'n*, 2018 WL 1336721, at *2.  Consequently, these claims are time barred.

Fannie Mae argues its claims should be governed by the five-year limitation period in Nevada Revised Statutes § 11.070 or § 11.080.  It contends § 11.070 applies because its claims are "founded" upon title and its grantor under the deed of trust was seized or possessed of the property within five years.  Fannie Mae asserts its claims are denominated as ones for "quiet title" and those claims seek to determine whether the HOA conveyed clear title to SFR, and thus its claims are founded on title.  Fannie Mae asserts that if the Nevada legislature had intended to limit § 11.070 to claims of title, it would have said so.  Fannie Mae alternatively argues § 11.080's five-year period applies.

The five-year limitations period in § 11.070[1] does not apply because Fannie Mae's claims are not "founded upon title to real property."  A claim is not "founded upon title" merely because it may impact title.  Fannie Mae has no right to title.  Its claim is founded upon the deed of trust,

---

[1] "No cause of action or defense to an action, founded upon the title to real property, . . . shall be effectual, unless it appears that the person prosecuting the action or making the defense, or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises in question within 5 years before the committing of the act in respect to which said action is prosecuted or defense made." Nev. Rev. Stat. § 11.070.

4

a lien interest. Simply calling its claims as ones to "quiet title" does not change the substantive nature of the claims. The actual claims are to determine adverse interests in real property under § 40.010. "[A]lthough claims of this type are commonly referred to as 'quiet title' claims, the statute covers disputes over adverse interests in real property, not just title disputes." *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 2:15-cv-01153-APG-GWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016) (rejecting the argument that a lender could not bring a "quiet title" claim under § 40.010 because a lienholder cannot quiet title in itself). Moreover, if the Nevada legislature intended § 11.070 to apply to any claim that relates to or may impact title, it would have said so. Instead, it stated the claim must be founded on title. Fannie Mae's claim is founded on a lien, not on title.

For similar reasons, § 11.080 also does not apply. That section provides that "[n]o action for the recovery of real property, or for the recovery of the possession thereof . . . shall be maintained, unless it appears that the plaintiff or the plaintiff's ancestor, predecessor or grantor was seized or possessed of the premises in question, within 5 years before the commencement thereof." Fannie Mae's suit is not for the recovery of real property or the possession of that property, as Fannie Mae is not entitled to either as a lienholder.

Fannie Mae suggests it is unfair that a purchaser of the property would have five years to bring a quiet title claim while a lienholder would have only four. But Nevada rationally could give more time for a person who claims an ownership interest in property to bring a claim than a person who claims only a lien interest.

Consequently, I remain convinced a four-year limitation period applies to claims like those brought by Fannie Mae in the first four counts of its amended complaint. Because those claims were brought more than four years after the HOA foreclosure sale, they are time-barred

and I dismiss them with prejudice.  All other claims in the amended complaint and any cross and counterclaims remain pending.

### C.  Conclusion

IT IS THEREFORE ORDERED that defendant SFR Investments Pool 1, LLC's motion for reconsideration **(ECF No. 42) is GRANTED**.  Counts one through four of the amended complaint (ECF No. 32) are dismissed with prejudice.

IT IS FURTHER ORDERED that the motion for summary judgment **(ECF No. 37)** and motion for relief under Rule 56(d) **(ECF No. 54) are DENIED as moot**.

DATED this 22nd day of October, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE