# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

1

2

3  FEDERAL NATIONAL MORTGAGE
   ASSOCIATION,
4
                Plaintiff
5
   v.
6
   SFR INVESTMENTS POOL 1, LLC and
7  SOUTHERN HIGHLANDS COMMUNITY
   ASSOCIATION,
8
                Defendants
9

10

Case No.: 2:17-cv-01750-APG-BNW

**Order (1) Denying the Plaintiff's Motion
for Summary Judgment, (2) Granting
Defendant SFR's Motion for Rule 56(d)
Relief, and (3) Granting in Part Defendant
SFR's Motion for Summary Judgment**

[ECF Nos. 71, 77, 87]

11    Plaintiff Federal National Mortgage Association (Fannie Mae) brought this lawsuit to

12 determine whether its deed of trust still encumbers property located at 3052 Cantabria Court in

13 Las Vegas, Nevada, following a non-judicial foreclosure sale conducted by the homeowners

14 association (HOA). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at

15 the HOA sale. SFR asserts a quiet title counterclaim against Fannie Mae and a quiet title cross-

16 claim against the former homeowner, cross-defendant Ken Yao-Hui Kwong (Kwong).

17    I previously dismissed Fannie Mae's quiet title and declaratory relief claims as time-

18 barred. ECF No. 67. Fannie Mae's unjust enrichment claim against SFR remains pending, as do

19 Fannie Mae's claims against defendant Southern Highlands Community Association.

20    Fannie Mae now moves for summary judgment on SFR's quiet title counterclaim,

21 arguing that the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) precludes SFR from

22 establishing that the HOA foreclosure sale extinguished the deed of trust. SFR responds that

23 because Fannie Mae's declaratory relief claims are untimely, so are its defenses to the extent

they are mirror images of the time-barred claims. Alternatively, SFR requests relief under Federal Rule of Civil Procedure 56(d).

SFR separately moves for summary judgment, arguing that because Fannie Mae's defenses are time-barred, SFR is entitled to quiet title in its favor. SFR also contends that Fannie Mae's unjust enrichment claim is untimely and that Fannie Mae has produced no evidence in support of it. Fannie Mae responds that its reliance on the federal foreclosure bar is not time-barred, its unjust enrichment claim is timely because the statute of limitations runs from each payment, and it will provide evidence in support of its unjust enrichment claim once the discovery stay is lifted.

Finally, SFR seeks summary judgment against Kwong. Kwong has not appeared in this action and did not respond to the summary judgment motion.

The parties are familiar with the facts, and I do not repeat them here except where necessary. As to SFR's quiet title counterclaim, Fannie Mae may assert the federal foreclosure bar as a defense in this equitable proceeding. Because application of the federal foreclosure bar may prevent SFR from meeting its burden of showing it has superior title, I deny SFR's motion for summary judgment on its quiet title counterclaim. I also deny Fannie Mae's motion for summary judgment because I grant SFR's motion for Rule 56(d) relief. I grant SFR's motion for summary judgment as to Kwong because SFR is entitled to a presumption that the HOA sale was properly conducted and Kwong has presented no contrary evidence or argument.

Finally, I grant SFR's motion for summary judgment on Fannie Mae's unjust enrichment claim because a claim for unjust enrichment based on payments Fannie Mae made more than

/ / / /

four years before filing the amended complaint is time-barred and Fannie Mae provides no evidence in support of this claim.

# I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

## A. Quiet Title Against Fannie Mae

The only remaining quiet title claim as between SFR and Fannie Mae is SFR's counterclaim. Both SFR's and Fannie Mae's motions for summary judgment on the counterclaim turn on whether Fannie Mae can assert the federal foreclosure bar as a defense. SFR contends Fannie Mae cannot because (1) SFR's counterclaim became moot once Fannie

Mae's claims were dismissed as untimely and (2) the federal foreclosure bar defense is a mirror image of Fannie Mae's time-barred declaratory relief claims and so should also be time-barred. Fannie Mae contends that SFR's counterclaim was not mooted by the dismissal of Fannie Mae's claims and that the federal foreclosure bar is a theory of defense that is not subject to a statute of limitations.

### 1.  Mootness

SFR's counterclaim is not moot.  The fact that Fannie Mae's claims were dismissed does not moot SFR's request for affirmative relief on its own behalf.  Indeed, SFR moves for summary judgment on its counterclaim seeking a judgment from this court declaring that it took title to the property free and clear of the deed of trust.  Whether the deed of trust still encumbers the property thus remains a live issue between the parties. *Tate v. Univ. Med. Ctr. of S. Nev.*, 606 F.3d 631, 634 (9th Cir. 2010) (stating that as to mootness, the "basic question is whether there exists a present controversy as to which effective relief can be granted." (quotation omitted)).

### 2.  Timeliness of the Federal Foreclosure Bar Defense

Fannie Mae can assert the federal foreclosure bar under the circumstances of this case. SFR's counterclaim is to quiet title under Nevada law.  I therefore look to Nevada law to determine whether Fannie Mae's defense is barred by the statute of limitations. *See Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949).

Nevada has not specifically addressed whether a plaintiff who initiates a lawsuit on stale claims is time-barred from asserting defenses that are the mirror image of the untimely claims.  I therefore must "predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements

*/ / / /*

as guidance." *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1126 (9th Cir. 2005) (quotations omitted).

The Supreme Court of Nevada has stated that "[l]imitations do not run against defenses," because the statute of limitations "is available only as a shield, not as a sword." *Dredge Corp. v. Wells Cargo, Inc.*, 389 P.2d 394, 396 (Nev. 1964). But many courts hold that a plaintiff who brings suit on stale claims cannot reanimate those claims by characterizing them as defenses to a counterclaim. *See, e.g.*, *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003); *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 154 (4th Cir. 2017); *Consumer Health Info. Corp. v. Amylin Pharm., Inc.*, 819 F.3d 992, 996 (7th Cir. 2016).

The leading case is *City of Saint Paul*. There, the City filed suit for declaratory relief against a counter-party to a settlement agreement two years after the expiration of the limitation period for a claim by a governmental entity. 344 F.3d at 1032-33. The defendant counterclaimed, to which the City then asserted defenses that were mirror images of its affirmative claims. *Id.* at 1033. The district court ruled the City's claims for relief were untimely but addressed the City's defenses on the merits. *Id.*

On appeal, the Ninth Circuit held the City's defenses were also time-barred. *Id.* at 1035-36. The Ninth Circuit stated that "the emphasis [is] on the respective roles of the parties in the litigation as a whole," and thus "whether affirmative defenses are exempt from statutes of limitations largely hinges on a realistic assessment of the parties' litigation posture." *Id.* at 1035. The City was the "aggressor" in the litigation by initiating the lawsuit and by "disturb[ing] the equilibrium between the parties" by challenging the settlement agreement's validity in court. *Id.*

> At bottom, this lawsuit boils down to the City's effort to invalidate the agreement. TDX's counterclaims were filed in response to the City's claims, not as affirmative claims for relief. Indeed, the City's defenses to those counterclaims are mirror images of its time-barred claims. No matter what gloss the City puts

on its defenses, they are simply time-barred claims masquerading as defenses and are likewise subject to the statute of limitations bar. In launching the current litigation, the City abandoned its right to seek solace in the status of a defendant. In the circumstance presented here, the City cannot hide behind the maxim applicable to defenses asserted in the normal course nor may it sidestep the temporal bar to its claims.

*Id.* at 1035-36.

I applied *City of Saint Paul* in *Bank of New York for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2006-OA16, Mortgage Pass-Through Certificates, Series 2006-OA16 v. Foothills at MacDonald Ranch Master Association*, 329 F. Supp. 3d 1221 (D. Nev. 2018). There, I held that the plaintiff could not recharacterize its time-barred declaratory relief claim as an anticipatory defense to avoid the statute of limitations. 329 F. Supp. 3d at 1228-29; *see also City of Saint Paul*, 344 F.3d at 1035 (noting that federal circuit courts have held that "statutes of limitations and laches bar declaratory judgment claims seeking to establish a defense in anticipation of an action to enforce a contract or regulation"). However, I specifically noted that I was not deciding whether the plaintiff in that case would "be able to assert its arguments as defenses should [the defendant] ever sue [the plaintiff] because that issue [was] not before me." *Id.* at 1229.[1]

The Supreme Court of Nevada addressed a similar situation in *Nevada State Bank v. Jamison Family Partnership*, 801 P.2d 1377 (Nev. 1990). There, the plaintiffs timely filed suit, which prompted the defendant to file counterclaims for deficiency judgments that were untimely under the relevant statute of limitation. *Id.* at 1380. The district court ruled that the counterclaims were time-barred, but it allowed the defendant to assert those same claims as an

---

[1] *See also Bank of New York for Certificateholders of CWALT, Inc. v. S. Highlands Cmty. Ass'n,* 329 F. Supp. 3d 1208, 1215 (D. Nev. 2018) (same).

equitable recoupment defense. *Id.* at 1381.  The Supreme Court of Nevada affirmed, concluding

that although the counterclaims were untimely, "equity is also a consideration," so the district

court "did not err" by allowing the defendant to assert the time-barred claims as an equitable

recoupment affirmative defense. *Id.* at 1382-83; *see also Shadow Wood HOA v. N.Y. Cmty.*

*Bancorp.*, 366 P.3d 1105, 1114 (Nev. 2016) (en banc) (stating that when sitting in equity, "courts

must consider the entirety of the circumstances that bear upon the equities").

      The counterclaimant in *Jamison Family Partnership* was not the "aggressor" as the City

was in *City of Saint Paul* or as Fannie Mae is in this case, so the case is not directly on point.

However, it suggests that the Supreme Court of Nevada would allow the assertion of untimely

claims as defenses where equity favors doing so.  I thus conclude that even if the Supreme Court

of Nevada would adopt the rule in *City of Saint Paul*, it would hold that equity favors

considering all of the issues bearing on the equities in this case, including a time-barred defense

so long as the defense is not a means to obtain affirmative relief.  This resolution balances the

tension between the concerns *City of Saint Paul* addresses versus the general rule that a statute of

limitations does not apply to defenses and cannot be used as a sword, while also giving effect to

Nevada's directive that courts consider all factors bearing on the equities in a particular case.

      SFR's quiet title claim is equitable in nature. *Shadow Wood HOA*, 366 P.3d at 1111

(stating that "a person who brings a quiet title action may, consistent with NRS Chapter 40 and

our long-standing equitable jurisprudence, invoke the court's inherent equitable powers to

resolve the competing claims to such title").  When resolving this equitable claim, I must

consider all of the circumstances bearing on the equities. *Id.* at 1114.  That would include, in this

/ / / /

1   case, Fannie Mae's invocation of the federal foreclosure bar even though Fannie Mae's own

2 claim for declaratory relief is time-barred.

3       The consequence of Fannie Mae's declaratory relief claims being time-barred is that

4 Fannie Mae cannot obtain a judgment in its favor in this case declaring that the deed of trust

5 survived the HOA foreclosure sale. I thus will not enter a judgment on SFR's counterclaim

6 declaring that the deed of trust still encumbers the property even if Fannie Mae successfully

7 establishes the federal foreclosure bar as a defense.[2] That would improperly allow Fannie Mae

8 to obtain the same affirmative relief that it sought in its time-barred claims. *See Karoun Dairies,*

9 *Inc. v. Karlacti, Inc.*, No. 08CV1521 AJB WVG, 2014 WL 3340917, at *9 (S.D. Cal. July 8,

10 2014) (stating that where a party "attempts to disturb the status quo and . . . expand current rights

11 using a defense" by requesting affirmative recovery, "a court may properly view it as a claim

12 masquerading as a defense and find it time barred").

13       But because I am sitting in equity when determining whether SFR is entitled to a

14 judgment in its favor, Fannie Mae can assert the federal foreclosure bar to attempt to defeat

15 SFR's counterclaim. SFR thus may lose on its counterclaim if it is not able to meet its burden of

16 proving superior title in itself. *See Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103,

17 1106 (Nev. 2013) ("A plea to quiet title does not require any particular elements, but each party

18 must plead and prove his or her own claim to the property in question and a plaintiff's right to

19 relief therefore depends on superiority of title." (quotation omitted)). But in that event, I will not

20 declare the deed of trust is valid or still encumbers the property. Instead, the net result would be

21

22

23   [2] I therefore would not enter a judgment declaring that "SFR does not have an interest in the Property free and clear of the Deed of Trust" as Fannie Mae requests in its summary judgment motion. ECF No. 71.

that neither party has prevailed on its declaratory relief or quiet title claims in this case, and so neither will obtain a judicial declaration on the status of the deed of trust.

### 3. Merits

Turning to the merits of SFR's motion on its quiet title counterclaim, Fannie Mae has presented evidence that it owned an interest in the property at the time of the HOA foreclosure sale and it invokes the federal foreclosure bar as a defense. *See* ECF Nos. 71-1 through 71-4; *Berezovsky v. Moniz*, 869 F.3d 923, 932-33 (9th Cir. 2017). Genuine disputes thus remain regarding whether SFR is entitled to judgment as a matter of law, so I deny SFR's motion for summary judgment on its quiet title counterclaim.

However, I also deny Fannie Mae's summary judgment motion because I grant SFR's motion for Rule 56(d) relief. "Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief bears the burden of showing that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule [56(d)] motion fairly freely." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

/ / / /

When confronted with a Rule 56(d) motion, I may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Whether to grant relief under this rule lies within my discretion. *Burlington N. Santa Fe R. Co.*, 323 F.3d at 773.

I grant SFR's Rule 56(d) motion because Magistrate Judge Leen granted the parties' motions to stay discovery before SFR explored the issues raised in Graham Babin's declaration. ECF No. 56. As a result, SFR "cannot be expected to frame [its] motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington N. Santa Fe R. Co.*, 323 F.3d at 774. However, SFR has identified areas of inquiry that may be fruitful, including documentation (or lack thereof) of Fannie Mae's alleged ownership of the note and deed of trust and the operation and maintenance of Fannie Mae's computerized records system that may suggest it is not adequately reliable to show Fannie Mae's ownership. ECF No. 77-1.

Fannie Mae's evidence is sufficient to prove ownership to defeat SFR's summary judgment motion. *See Berezovsky*, 869 F.3d at 932-33. But that does not mean it is irrebuttable proof. The defendant in *Berezovsky* was unable to point to evidence in that case raising a genuine dispute. *Id.* at 933. That does not mean SFR will be unable to do so in this case, and it should be given the chance to test Fannie Mae's evidence through discovery. SFR need not simply take Fannie Mae's and Babin's unchallenged word for it. I therefore grant the motion for Rule 56(d) relief and consequently deny without prejudice Fannie Mae's motion for summary judgment.

/ / / /

/ / / /

### B. Quiet Title Against Defendant Kwong

SFR moves for summary judgment on its quiet title crossclaim against Kwong. Kwong has not appeared in this case and SFR has obtained an entry of default against him. ECF No. 93. SFR has met its initial burden on summary judgment because it is the record title holder and there are "statutory presumptions that the HOA's foreclosure sale complied with NRS Chapter 116's provisions." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). Kwong has not presented evidence or argument identifying a basis to set aside the sale such that he would be restored as the property owner. Consequently, the HOA foreclosure sale extinguished any interest Kwong had in the property. *See Shadow Wood HOA*, 366 P.3d at 1116 (stating a properly conducted HOA foreclosure sale "terminates the owner's legal interest in the property"). I therefore grant summary judgment in SFR's favor on its crossclaim against Kwong.

### C. Fannie Mae's Unjust Enrichment Claim

SFR contends that Fannie Mae's unjust enrichment claims is untimely to the extent it is based on payments made more than four years prior to the amended complaint being filed. SFR also contends Fannie Mae has provided no evidence in support of this claim. Fannie Mae responds that its claim is timely for payments made within four years prior to the amended complaint being filed and that it will provide evidence supporting this claim after the discovery stay is lifted.

Under Nevada law, unjust enrichment claims are governed by a four-year limitation period. *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) (en banc) (citing Nev. Rev. Stat. § 11.190(2)(c)). Fannie Mae first asserted its unjust enrichment claim in its amended complaint filed on February 23, 2018. ECF No. 32. Consequently, an unjust enrichment claim

based on payments Fannie Mae made more than four years prior to the date Fannie Mae filed its amended complaint is untimely. Moreover, Fannie Mae has presented no evidence in support of this claim in response to SFR's motion. Although Fannie Mae asserts that it will provide evidence once the discovery stay is lifted, Fannie Mae does not cite any authority for the proposition that it can elect to save for another day its substantive response to SFR's motion. Fannie Mae did not move for Rule 56(d) relief and, in any event, evidence showing Fannie Mae made payments that allegedly unjustly enriched SFR would already be in Fannie Mae's possession. Because Fannie Mae has not pointed to evidence raising a genuine dispute, I grant SFR's motion on this claim.

**II. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Federal National Mortgage Association's motion for summary judgment **(ECF No. 71) is DENIED**.

IT IS FURTHER ORDERED that defendant SFR Investments Pool 1, LLC's motion for Rule 56(d) relief **(ECF No. 77) is GRANTED**.

IT IS FURTHER ORDERED that defendant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 87) is GRANTED in part**. The motion is granted as to plaintiff Federal National Mortgage Association's unjust enrichment claim and as to SFR Investments Pool 1, LLC's crossclaim against cross-defendant Ken Yao-Hui Kwong. The motion is denied in all other respects.

DATED this 22nd day of July, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE