UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC and SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION,<br><br>    Defendants | Case No.: 2:17-cv-01750-APG-BNW<br><br>**Order (1) Denying Motion for Rule 56(d) Relief, (2) Granting Motion for Reconsideration, (3) Granting Plaintiff's Motion for Summary Judgment, (4) Denying Defendant's Motion for Summary Judgment, and (5) Setting Deadline for Stipulation of Dismissal**<br><br>[ECF Nos. 99, 101, 103, 109] |

        Plaintiff Federal National Mortgage Association (Fannie Mae) brought this lawsuit to determine whether a deed of trust still encumbers property located at 3052 Cantabria Court in Las Vegas, Nevada, following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Fannie Mae asserted several declaratory relief claims, as well as an unjust enrichment claim. Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the HOA sale. SFR asserted a quiet title counterclaim against Fannie Mae and a quiet title cross-claim against the former homeowner, cross-defendant Ken Yao-Hui Kwong.

        I previously dismissed Fannie Mae's quiet title claims as time-barred. ECF No. 67. Fannie Mae and SFR subsequently moved for summary judgment on SFR's quiet title counterclaim, and SFR moved for summary judgment on Fannie Mae's unjust enrichment claim and SFR's cross-claim. I granted SFR's motion as to Kwong and the unjust enrichment claim, but denied it as to the quiet title claim against Fannie Mae because the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) could preclude SFR from establishing that the HOA foreclosure sale

extinguished the deed of trust. ECF No. 94. I denied Fannie Mae's motion for summary judgment because I granted SFR's motion for relief under Federal Rule of Civil Procedure 56(d). *Id.*

The parties again move for summary judgment and SFR again moves for Rule 56(d) relief. Fannie Mae also moves for reconsideration of my order that its declaratory relief claim related to the federal foreclosure bar is untimely.

The parties are familiar with the facts, so I do not repeat them here except where necessary. I deny SFR's motion for Rule 56(d) relief because SFR has already had the opportunity to conduct discovery. I grant Fannie Mae's motion for reconsideration because its declaratory relief claim based on the federal foreclosure bar is timely under the Housing and Economic Recovery Act of 2008 (HERA). I also grant Fannie Mae's motion for summary judgment and deny SFR's motion because no genuine dispute remains that the federal foreclosure bar precluded the HOA foreclosure sale from extinguishing the deed of trust.

**I. ANALYSIS**

    **A. Rule 56(d)**

"Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief bears the burden of showing that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). When confronted with a Rule 56(d) motion, I may "(1) defer considering the motion or

deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  Whether to grant relief under this rule lies within my discretion. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

I deny SFR's request for Rule 56(d) relief because SFR's motion was filed after discovery had already closed, SFR did not move to extend the discovery period while it was still open, SFR has not shown good cause to extend the discovery deadline, and SFR has not shown excusable neglect for failing to file a motion to extend time before the discovery deadline expired. *See* LR 26-3.  Moreover, I already granted Rule 56(d) relief in response to Fannie Mae's first summary judgment motion and SFR already had a discovery period to uncover any disputed facts. *See* ECF Nos. 94, 97.  There is no basis to reopen discovery and no basis to grant Rule 56(d) relief.

**B. Reconsideration**

Fannie Mae moves for reconsideration of my order dismissing its declaratory relief claim based on the federal foreclosure bar as untimely. *See* ECF No. 67.  Fannie Mae contends that under HERA, the proper limitation period is six years.  SFR opposes reconsideration, arguing that the three-year limitation period in HERA applies, so reconsideration is not warranted.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or

the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*

      I grant Fannie Mae's motion for reconsideration because HERA's extender provision in 12 U.S.C. § 4617(b)(12) makes Fannie Mae's declaratory relief claim timely. That statute extends the limitation period for claims brought by the Federal Housing Finance Agency (FHFA) as conservator for Fannie Mae. Contract claims must be brought within the longer of six years or the applicable state law period, and tort claims must be brought within the longer of three years or the applicable state law period. 12 U.S.C. § 4617(b)(12)(A). Courts have interpreted § 4617(b)(12) to govern any action brought by FHFA as conservator, and thus one of these two limitation periods must apply even to a claim like Fannie Mae's declaratory relief claim that is neither a contract nor a tort claim. *See FHFA v. UBS Americas Inc.*, 712 F.3d 136, 144 (2d Cir. 2013); *Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d 1101, 1108-09 (D. Nev. 2019), *reconsideration granted, order vacated in part*, No. 2:17-cv-03006-JAD-EJY, 2019 WL 6828293 (D. Nev. Dec. 13, 2019); *FHFA v. Royal Bank of Scotland Grp. PLC*, 124 F. Supp. 3d 92, 95-99 (D. Conn. 2015); *FHFA v. HSBC No. Amer. Holdings, Inc.*, Nos. 11cv6189 (DLC), 11cv6201 (DLC), 2014 WL 4276420, at *5 (S. D N.Y. Aug. 28, 2014); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 900 F. Supp. 2d 1055, 1067 (C.D. Cal. 2012).

      After I dismissed Fannie Mae's claims as untimely in this case, I determined in another case that a declaratory relief claim like the one that Fannie Mae asserts here is more akin to a contract claim than a tort claim, so the six-year limitation period is the correct one. *See*

4

*Nationstar Mortg. LLC v. 312 Pocono Ranch Tr.*, No. 2:17-cv-01783-APG-DJA, 2019 WL 5963963, at *1-2 (D. Nev. Nov. 13, 2019).  Other judges in this district agree. *See, e.g.*, *Nationstar Mortg. LLC v. Copper Creek Homeowner Ass'n*, No. 2:17-cv-02624-RFB-BNW, 2019 WL 4777311, at *4 (D. Nev. Sept. 29, 2019); *LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d at 1110.  And other judges have concluded that the extender statute can be invoked by Fannie Mae or its servicer even though the extender statute states that it applies to claims brought by the FHFA.  I agree with the reasoning of these decisions that Fannie Mae and its servicer are FHFA's agents in protecting the conservatorship assets and thus may seek the benefit of HERA's six-year extender statute even if FHFA is not a party to the case. *See Ditech Fin. LLC v. Talasera & Vicanto Homeowners' Ass'n*, No. 2:16-cv-02906-JAD-NJK, 2019 WL 6828287, at *2 (D. Nev. Dec. 13, 2019); *Copper Creek Homeowner Ass'n*, 2019 WL 4777311, at *3-4.  Consequently, Fannie Mae's declaratory relief claim in this case is governed by the six-year limitation in HERA and is timely.  I therefore grant Fannie Mae's motion for reconsideration.

### C. Federal Foreclosure Bar

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The

burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [FHFA] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[] or sale without the consent of [FHFA]." The federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in property without FHFA's affirmative consent. *Berezovsky v. Moniz*, 869 F.3d 923, 927-31 (9th Cir. 2017). In *Berezovsky*, the Ninth Circuit accepted as proof of ownership the same type of evidence of ownership as offered in this case. *Id.* at 932-33; *see also* ECF No. 99-1. Consequently, Fannie Met has met its initial burden of showing it owned an interest in the property at the time of the sale. The burden thus shifts to SFR to present evidence raising a genuine dispute about Fannie Mae's interest.

SFR raises several arguments in response. None of these arguments raises a genuine dispute about the applicability of the federal foreclosure bar.

1. Standing

SFR challenges Fannie Mae's standing to enforce the promissory note. SFR also contends the banks' documents cannot be trusted.

However, Fannie Mae has met its initial burden of establishing it owned the note and deed of trust at the time of the HOA sale and that it still owns the note and deed of trust. *See* ECF No. 99-1. Fannie Mae therefore has standing to seek a declaration that the deed of trust remains an encumbrance on the property due to the federal foreclosure bar. SFR's contention that some documents in other cases have been shown to be incorrect or unauthentic does not raise an issue of fact in this case. SFR must show "more than metaphysical doubt as to the material facts," and it "has not done so here." *Berezovsky*, 869 F.3d at 933 (quotation omitted). Speculation that there might be errors is insufficient to preclude summary judgment. *Emeldi v. Univ. of Oregon*, 698 F.3d 715, 728 (9th Cir. 2012).

### 2. Statute of Frauds

SFR challenges some of the assignments of the deed of trust as not satisfying the statute of frauds. However, SFR is not a party to the note or deed of trust, so it lacks standing to assert the statute of frauds as a defense. *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963) ("The defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest.").

### 3. Press Release

Fannie Mae attached to its motion a press release issued by FHFA stating that it did not consent to HOA foreclosure sales extinguishing conservatorship property. ECF No. 99-3. SFR objects to the press release as irrelevant because it post-dates the foreclosure sale in this case. SFR also contends the press release is unauthenticated hearsay that is not subject to judicial notice.

I need not resolve SFR's evidentiary challenges because even if I did not consider the press release, the result would be the same. Fannie Mae does not have to prove that FHFA did

not consent to the foreclosure.  "Rather, the statutory language cloaks Agency property with Congressional protection unless or until the Agency affirmatively relinquishes it." *Berezovsky*, 869 F.3d at 929.  SFR has not presented any evidence that FHFA consented to this sale extinguishing the deed of trust.  Consequently, no genuine dispute remains that FHFA did not consent.

### 4.  Fannie Mae's Business Records

To prove it owned the note and deed of trust at the time of the HOA sale, Fannie Mae relies on the declaration of Graham Babin, Assistant Vice President for Fannie Mae, and printouts from Fannie Mae's computer records attached to Babin's declaration. *See* ECF No. 99-1.  SFR argues that Babin's declaration is hearsay and the computer records are not admissible under Federal Rule of Evidence 803(6).  SFR argues that Fannie Mae's Rule 30(b)(6) witness, Claudette Carr, testified that Fannie Mae employees do not enter information into Fannie Mae's computer system, known as SIR.  According to SFR, Carr testified that the entries are made by the entities selling loans to Fannie Mae and an unidentified document custodian compares the hard copies of the loan and deed of trust to the entries in SIR.  SFR argues this renders the computer entries inadmissible because Carr could not identify who entered the information into SIR or who the document custodian was.  And SFR contends that the custodian does not review any records related to the sale of a loan to Fannie Mae or the existence of a servicing relationship between Fannie Mae and a servicer.  SFR thus contends the computer records are not evidence of either of these key facts and, because Babin's declaration relies on the SIR entries, his testimony also is not evidence of Fannie Mae's ownership or servicing relationship.

Fannie Mae responds that its business records are admissible even if the information contained within those records was provided by another entity because those records are kept in

the regular course of Fannie Mae's business and Fannie Mae relies on their accuracy. Fannie Mae also contends SFR's focus on the custodian is misplaced because the custodian merely verifies possession of the note and deed of trust and details about the loan balance.

Babin states he has personal knowledge of Fannie Mae's procedures for creating and maintaining its business records and he sets forth the prerequisites for the business records exception to hearsay. ECF No. 99-1 at 1-2; Fed. R. Evid. 803(6). Fannie Mae relied on the accuracy of its business records and relied on the sellers and servicers to accurately enter the information into SIR, and that information was then verified by a document custodian who compared the physical documents with the computer entries. *See* ECF No. 102-1 at 264-65 (Carr describing how the loan is set up for acquisition by the seller entering information into SIR and then a document custodian verifies the information from the documents before Fannie Mae approves the acquisition); *id.* at 276-78 (same); *id.* at 290-91 (Carr testifying that Fannie Mae relies on the servicers to accurately provide information). There is "no requirement" that Fannie Mae "establish when and by whom the documents were prepared." *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990), *as amended on denial of reh'g* (Apr. 23, 1991). Thus, Carr's inability to identify the document custodian for this loan and deed of trust or who entered the information into SIR does not render Babin's declaration or the SIR computer records inadmissible. SFR has not presented evidence to show the records lack trustworthiness. *See* Fed. R. Evid. 803(6)(E). Consequently, Babin's declaration and the computer records are admissible and are unrebutted in this case.

### 5. Summary

Fannie Mae has met its initial burden at summary judgment of proving it owned the note and deed of trust at the time of the HOA foreclosure sale. SFR has not presented evidence

raising a genuine dispute about Fannie Mae's ownership. Consequently, the federal foreclosure bar precluded the HOA foreclosure sale from extinguishing the deed of trust.

## II. CONCLUSION

I THEREFORE ORDER that defendant SFR Investments Pool 1, LLC's motion for Rule 56(d) relief **(ECF No. 103) is DENIED**.

I FURTHER ORDER that SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 101) is DENIED**.

I FURTHER ORDER that plaintiff Federal National Mortgage Association's motion for reconsideration **(ECF No. 109) is GRANTED**.

I FURTHER ORDER that plaintiff Federal National Mortgage Association's motion for summary judgment **(ECF No. 99) is GRANTED**. The clerk of court is instructed to enter judgment consistent with this order and my prior order (ECF No. 94) as follows:

- Judgment is granted in favor of plaintiff Federal National Mortgage Association and against defendant SFR Investments Pool 1, LLC on the declaratory relief claim and counterclaim as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Southern Highlands Community Association on September 19, 2012 did not extinguish the deed of trust and the property located at 3052 Cantabria Court in Las Vegas, Nevada remains subject to the deed of trust.

- Judgment is granted in favor of defendant SFR Investments Pool 1, LLC and against plaintiff Federal National Mortgage Corporation on plaintiff Federal National Mortgage Association's unjust enrichment claim.

- Judgment is granted in favor of defendant SFR Investments Pool 1, LLC and against cross-defendant Ken Yao-Hui Kwong as follows: It is hereby declared that the non-judicial

foreclosure sale conducted by Southern Highlands Community Association on September 19, 2012 extinguished any interest Ken Yao-Hui Kwong had in the property located at 3052 Cantabria Court in Las Vegas, Nevada.

I FURTHER ORDER that plaintiff Federal National Mortgage Corporation and defendant Southern Highlands Community Association shall file a stipulation of dismissal or status report by July 1, 2020.[1]

DATED this 11th day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Fannie Mae and Southern Highlands Community Association previously advised the court that they settled their dispute. ECF No. 104.